UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| VOYD A. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-311-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JACKSON COUNTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Voyd A. Turner is a prisoner incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky. Turner, proceeding without counsel, has filed a civil rights action under 42 U.S.C. § 1983. [R. 1] By separate order, the Court granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915.

The Court conducts a preliminary review of complaints filed against government officials. 28 U.S.C. §§ 1915(e), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

1

## I.

In his complaint, Turner alleges that in July 2007, while incarcerated in the Jackson County Jail, his right leg began to swell and ache from a pre-existing injury he received in 1999, and he started to run a fever. [R. 1-3.] Turner indicates that both conditions persisted through August and September of 2007. [*Id.*] Turner alleges that throughout this period jailer Ronnie Gabbard refused to permit him to be taken to a doctor to receive medical care, and told him that the county judge executive William Smith would not allow the county to pay for such care. [*Id.*]

Turner further alleges that after a state district court judge ordered that he be released for medical treatment, he was immediately transported to the University of Kentucky Medical Center (UKMC) in Lexington, Kentucky. [*Id.*] Thereafter, three surgeries were conducted on his leg, including a bone graft. [*Id.*] Turner alleges that his physicians told him that he had contracted Methicillin- resistant Staphylococcus aureus (MRSA), an antibiotic-resistant staph infection, while at the jail. [*Id.*] Turner indicates he was released from the hospital after forty days of treatment in October 2007. [*Id.*]

After he returned to the Jackson County Jail, Turner alleges that Gabbard refused to take him to his follow-up appointments with his treating physician and refused to permit him to take his antibiotics and pain medication, and that as a result his staph infection and fever had returned by the end of October 2007. [*Id.*] Two months later, following a visit from his mother, in January 2008, he sought and obtained permission from a state circuit court judge to be released for further outside medical treatment. [*Id.*] Although he promptly received treatment at UKMC, shortly thereafter his physicians had to amputate his right leg below the knee. [*Id.*]

2

Turner asserts that Gabbard and Smith persistently failed to provide necessary medical treatment, resulting in the loss of his limb and unnecessary pain and suffering.  Turner contends these actions violated his rights under the federal constitution, as well as various Kentucky statutes.

## II.

Federal law requires that a civil rights claim arising out of conduct occurring in Kentucky must be filed within one year after the events complained of under KRS 413.140(1)(a).  *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007).  In this case, Turner complains that Gabbard and Smith were deliberately indifferent to his serious medical needs from July to December 2007, resulting in the eventual partial amputation of his right leg in January 2008.  To be timely, therefore, Turner had to have filed his complaint no later than January 2009.  Because Turner did not file suit until November 2011, the suit was filed outside of the one year limitations period, and the civil rights claims arising under the federal constitution must be dismissed with prejudice as time barred.

Turner indicates that he wishes to pursue claims arising under various provisions of the Kentucky Revised Statutes.  [R. 1-3.]  However, once a federal district court has dismissed all of the federal claims which provide the basis for its subject matter jurisdiction, the court has discretion to dismiss pendent state law claims without prejudice.  28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  In exercising that discretion, the court may consider the need to avoid the multiplicity of litigation and needlessly deciding important issues of state law.  *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).  Generally, "the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."  *Musson Theatrical, Inc. v. Fed. Exp.*

3

*Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Because all of the plaintiffs and defendants are Kentucky residents, the claims arise under Kentucky law, and the Court can discern no important federal interest in deciding the issues presented, the Court concludes that the exercise of supplemental jurisdiction is unwarranted over state law claims best decided by Kentucky courts. The Court will therefore dismiss any claims asserted under Kentucky law without prejudice to Turner's right to re-assert them in an appropriate forum.

Accordingly, **IT IS ORDERED** that:

1. The civil rights claims asserted pursuant to 42 U.S.C. § 1983 by plaintiff Voyd A. Turner are **DISMISSED WITH PREJUDICE**.

2. The Court declines to exercise supplemental jurisdiction over any claims asserted under state law, and such claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate Judgment.

This 25th day of April, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge